EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JOSÉ L. CRUZ JUSTINIANO y PEDRO E. VALE, demandados y peticionarios.

*Número:* O-83-838    *Resuelto:* 20 de diciembre de 1984

*Yamil Galib Frangie,* abogado de los peticionarios; *Doris Zoé Pons Pagán, Procuradora General Auxiliar,* abogada de El Pueblo.

PER CURIAM: El 19 de abril de 1982 se presentó una denuncia contra José Cruz y Pedro Vale por infracción al Art. 8A de la Ley de Armas. El 16 de junio se celebró la vista preliminar y se encontró causa probable por infracción al Art. 8 de la Ley de Armas. El Ministerio Público solicitó la celebración de una vista preliminar en alzada. La vista fue señalada para el 20 de agosto. En dicha fecha la defensa solicitó la desestimación por haber transcurrido más de los 60 días dispuestos jurisprudencialmente para celebrar la vista preliminar en alzada. *Pueblo* v. *Vélez Castro,* 105 D.P.R. 246, 248 (1976). El Tribunal Superior, Sala de Aguadilla, declaró con lugar la petición y aclaró que quedaba vigente la determinación de causa probable en cuanto al delito imputado bajo el Art. 8.

El 26 de agosto el Ministerio Público presentó una nueva denuncia ante un Juez Municipal por infracción al Art. 8A de la Ley de Armas a base de los mismos hechos. Se determinó causa probable y se señaló la vista preliminar para el 10 de noviembre. Los peticionarios solicitaron la desestimación de la nueva denuncia y el Ministerio Público se opuso. El 21 de diciembre el Tribunal de Distrito, Sala de Aguadilla, declaró con lugar la moción de desestimación y ordenó la continuación de los procedimientos a tenor con la determinación del 16 de junio. No conforme, el 7 de enero de 1983 el Ministerio Pú-

blico presentó una solicitud de *certiorari* ante el Tribunal Superior para revisar la última resolución, pero fue denegada el 10 de enero por incompleta. El 18 de enero presentó otra solicitud para revisar la misma resolución y fue declarada con lugar. Se ordenó la celebración de una nueva vista preliminar.

A petición de los imputados expedimos auto de *certiorari*. Éstos argumentan que el dictamen del Juez Superior que entendió en la vista preliminar en alzada es final y no puede someter el asunto de nuevo a otro magistrado. El Ministerio Público, por su parte, argumenta que usó los recursos procesales que el legislador puso a su alcance en las Reglas 24 y 67 de Procedimiento Criminal.

Debemos resolver qué remedio, si alguno, tiene el Ministerio Público cuando no conforme con el resultado de la vista preliminar solicita una vista preliminar en alzada y ésta es desestimada por no haberse celebrado dentro del período permitido jurisprudencialmente.

■ La Regla 24 (c) de Procedimiento Criminal regula el procedimiento posterior a la celebración de la vista preliminar. El inciso (c) permite que si se determina que no existe causa probable o que existe por un delito inferior al imputado, el fiscal pueda presentar el asunto de nuevo con la misma u otra prueba ante un magistrado de categoría superior del tribunal de primera instancia. Esta segunda vista preliminar no es una apelación de la primera sino que es vista independiente, separada y distinta; *Pueblo* v. *Tribunal Superior*, 96 D.P.R. 237 (1968).

■ La determinación en los méritos del Juez Superior sobre la existencia de causa probable no es revisable. *Pueblo* v. *Tribunal Superior*, 95 D.P.R. 412, 413 (1967). No obstante, cualquier otra determinación de derecho sí puede ser revisada mediante el recurso de *certiorari*.

En el caso de autos el Ministerio Público no podía, hacien-

do caso omiso de las determinaciones de dos jueces, reiniciar un procedimiento criminal contra los peticionarios por los mismos hechos. Sólo tenía disponibles dos cursos de acción: podía presentar acusación por violación del Art. 8 o presentar ante nosotros un recurso de *certiorari* para revisar la desestimación de los procedimientos de vista preliminar en alzada.

■ Nuestra decisión en *Pueblo* v. *Montezuma Martínez*, 105 D.P.R. 710 (1977), a los efectos de que transcurrido el término de 60 días para celebrar la vista preliminar procedía el archivo de la denuncia bajo la Regla 64(n)(2), sin perjuicio de la presentación de una nueva denuncia y la celebración de una nueva vista preliminar lo más pronto posible, no es aplicable, por analogía, al caso de autos. Aquí ya existía una determinación en los méritos de un Juez de Distrito que no podía dejarse sin efecto por un magistrado de igual jerarquía. Regla 24(c) de Procedimiento Criminal. El Ministerio Público carecía de autoridad para comenzar un nuevo proceso contra los peticionarios. Su actuación además tiene el efecto de prolongar excesivamente los procedimientos previos a la presentación de la acusación.

Por los fundamentos expuestos, *se revocará la resolución recurrida.*

El Juez Asociado Señor Rebollo López no intervino.