Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Los hechos que suscitan la opinión de la mayoría denotan que, lamentablemente, en ocasiones aquellos llamados a proteger la ciudadanía son los que, en su lugar, vulneran derechos fundamentales que una vez juraron amparar; en este caso el más preciado de todos: la vida misma. La conmoción que pueda causar actos como los que se describen en la opinión mayoritaria no pueden, ni deben, cegar el entendimiento y el norte de este Tribunal: aplicar el Derecho uniformemente, haciendo justicia a todos por igual. Disiento respetuosamente del dictamen emitido por la mayoría, pues soy del criterio que este Tribunal no cuenta con jurisdicción para atender la controversia ante su consideración al tratarse de la revisión de una determinación de no causa para arresto en los méritos. Debido a que este Tribunal decide atender la controversia, trazo estas cortas líneas revelando mi criterio.
A pesar de que los hechos redactados por la mayoría en *337 su opinión no han sido probados en un juicio y descansan enormemente en el relato proporcionado por el Ministerio Público, los tomaré como ciertos para propósitos de argumentación.
I
La opinión mayoritaria establece correctamente que una determinación de no causa para arresto en los méritos no es revisable mediante certiorari, salvo que la determinación se haya basado en cuestiones estrictamente de derecho, desvinculadas de la apreciación de la prueba presentada para la comisión del delito. Pueblo en interés menor K.J.S.R., 172 D.P.R. 490 (2007); Pueblo v. Aponte, 167 D.P.R. 578 (2006); Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999); Pueblo v. Rodríguez Ríos, 136 D.P.R. 685, 692 (1994); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984). Concluye, no obstante, que la determinación emitida por el foro de instancia en el caso ante nuestra consideración se trata de una determinación esencialmente de derecho. No puedo estar de acuerdo.
En primer lugar, la mayoría, sin establecerlo directamente, modifica el estándar aplicable a cuándo una determinación de causa probable es revisable mediante certiorari por ser una cuestión de derecho. Originalmente en Pueblo v. Tribunal Superior, 95 D.P.R. 412, 413 (1967), se dijo que las determinaciones de no causa no eran revisables mediante certiorari, pues “los magistrados del Tribunal de Primera Instancia actúan en su capacidad individual en el ejercicio de sus funciones y facultad para determinar la existencia de causa probable para acusar. Sus determinaciones al efecto no son decisiones de un tribunal”. Puesto que el auto de certiorari se utiliza para que un tribunal de mayor jerarquía revise las decisiones de uno de menor jerarquía, no era un recurso adecuado para la revisión de decisiones de magistrados. Art. 670 del Có *338 digo de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3491. Estas expresiones fueron revocadas en Pueblo v. Opio Opio, 104 D.P.R. 165, 171 (1975), en el cual se dijo que las determinaciones de no causa “no [son] revisable[s] por certiorari, no porque [el juez actúe como individuo,] sino por la naturaleza peculiar de su decisión dentro de un procedimiento especialmente regulado, con una finalidad esencial al ordenado y rápido curso del procedimiento criminar. Luego, en Pueblo v. Cruz Justiniano, 116 D.P.R. 28, 30 (1984) se dijo, sucintamente, que “[l]a determinación en los méritos del Juez Superior sobre la existencia de causa probable no es revisable. ... No obstante, cualquier otra determinación de derecho sí puede ser revisada mediante el recurso de certiorari”. (Enfasis suplido.)
Según esta doctrina, se resolvió Pueblo v. Colón Mendoza, supra, en el cual se revisó vía certiorari la decisión de un juez de reconsiderar la determinación de causa en cuatro distintas denuncias por el delito de negociación incompatible con un cargo público, y convertirla en causa por un solo delito, de acuerdo con la figura del delito continuado. Allí indicamos que el juez de instancia había encontrado causa en las cuatro denuncias, por lo que no había duda de que no se trataba de un problema de apreciación de la prueba, sino de si, como cuestión de derecho, procedía que se aplicara la figura del delito continuado. Por lo tanto, se trataba de un asunto de estricto Derecho, desvinculado de la prueba presentada para la comisión del delito, revisable vía certiorari.
Igualmente, en Pueblo v. Aponte, supra, revisamos, a través del recurso de certiorari, la determinación de no causa contra el imputado por el delito de posesión de sustancias controladas con intención de distribuirla. En aquel caso la resolución del foro de instancia indicaba que la juez no albergaba duda de que estaban presentes los elementos del delito imputado pero, como cuestión de debido proceso *339 de ley, debía realizar una determinación de “no causa” por la dilación alegadamente irrazonable del Estado en conducir al imputado ante un magistrado desde su detención. Reiteramos la norma adoptada en Cruz Justiniano y estimamos que se trataba de un asunto estrictamente de derecho, desvinculado de la apreciación de la prueba presentada, por lo que era revisable mediante certiorari.
Y recientemente, en Pueblo en interés menor K.J.S. R., supra, mediante opinión unánime, nos declaramos sin jurisdicción para atender un certiorari que buscaba la revocación de una determinación de no causa para querella, la cual se basó en la supresión de la evidencia contra el me-nor por haberse incautado ilegalmente. Concluimos que se trataba de una cuestión mixta de hecho y derecho, no de estricto derecho, y por lo tanto no desvinculada de la prueba presentada para la comisión del delito, por lo que no era revisable vía certiorari.
No obstante los casos citados, la mayoría indica que cuando la determinación se basa en cuestiones esencialmente de derecho, aunque estén entremezcladas cuestiones de prueba, es revisable mediante certiorari. Distingue a Pueblo en interés menor K.J.S.R., expresando que lo que se tenía en aquella ocasión eran cuestiones principalmente de hecho y lo que tenemos ante nuestra consideración en esta ocasión son cuestiones esencialmente de derecho. Por lo tanto, la mayoría modifica el estándar de revisión de determinaciones de causa, ya que no se trata de que la cuestión sea estrictamente de derecho desvinculada de la prueba presentada, sino que sean asuntos esencialmente de derecho. En apoyo de su conclusión, la mayoría indica que “no podemos rehuir nuestra insoslayable responsabilidad de explicar las nuevas figuras jurídicas que se han incorporado a nuestro ordenamiento en el Código Penal de 2004”. Opinión mayoritaria, pág. 279.
*340 II
En toda vista de causa probable para arresto el juez a cargo aprecia la prueba que se le presenta para determinar: (1) si la prueba presentada cumple con todos los elementos del delito imputado o de cualquier otro delito y (2) la conexión del imputado con dicha prueba. Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Véase, también, Pueblo v. Irizarry, 160 D.P.R. 544, 560 (2003). Por la naturaleza de la determinación, ésta necesariamente conlleva una interpretación del derecho aplicable, es decir, del delito que se imputa, en las modalidades en que se imputa. Esto no significa, sin embargo, que un alegado error en la interpretación del derecho aplicable será revisable, pues son sólo revisables aquellas cuestiones de estricto derecho, desvinculadas de la prueba presentada por el Ministerio Público, como resolvimos en varias ocasiones anteriormente.
Es decir, aquellas determinaciones de causa en los méritos no son revisables vía certiorari, pues atender esos recursos desvirtuaría el “ordenado y rápido curso del procedimiento criminal”. Pueblo v. Opio Opio, supra, pág. 171. Véase Pueblo v. Cruz Justiniano, supra. Por lo tanto, decir que en este caso se trata de una cuestión de derecho porque había duda sobre la interpretación de la figura del cooperador, significaría que una determinación de no causa ante cualquier nuevo delito, o cualquier figura que no haya sido interpretada por este Tribunal anteriormente, sería revisable mediante certiorari por incluir una cuestión de derecho no atendida. Esta solución no sólo es contraria a los precedentes de este Tribunal en esta área, sino que causará un mar de solicitudes de certiorari al foro intermedio para revisar “cuestiones de derecho noveles”, máxime cuando contamos con un Código Penal de reciente aprobación.
*341 La determinación de si una persona es responsable penalmente en grado de cooperadora está íntimamente relacionada con los hechos por los que se imputa el delito, por lo que está vinculada directamente con la prueba presentada. En estas circunstancias es necesario examinar, tal como lo hace la mayoría al final de la opinión, el grado de participación de cada uno de los imputados de delito para determinar si pueden ser penalmente responsables por un delito que ayudan a cometer, pero del cual no pueden ser considerados autores. Esa revisión no es de derecho, sino de la prueba que el Ministerio Público ha presentado para imputar el delito correspondiente.
La mayoría destaca que surge de la resolución dictada por el juez de instancia en la vista de causa, que éste tomó la determinación de no causa debido a la interpretación de derecho de la figura del cooperador. Ciertamente, el juez recurrido hizo referencia a la figura del cooperador según definida en el Código Penal de 2004, porque esa modalidad fue, precisamente, la que se le imputó en la denuncia. Como parte del descargo de su responsabilidad al realizar la determinación de causa, debía —tal como lo hizo— hacer alusión a la figura mencionada e interpretarla de acuerdo con su texto.
En el caso ante nuestra consideración, es evidente que estamos ante una determinación de no causa en los méritos. Sabido es que las resoluciones y sentencias de los jueces tienen una presunción de corrección. Pueblo v. Andaluz Méndez, 143 D.P.R. 656, 662 (1997). En la resolución que declaró “no ha lugar” una reconsideración presentada por el Ministerio Público al “no causa” contra el señor Sustache Sustache, citada por la opinión mayoritaria, el juez de instancia, Hon. Nelson J. Canabal Pérez, indicó que su determinación estuvo fundada en la evaluación de la prueba documental, visual y testifical presentada por el Ministerio Público. No obstante dicha resolución, la mayoría le confiere mayor credibilidad a la Moción de Reconsi *342 deración a la Determinación de No Causa Probable para Arresto en Alzada, presentada por el Ministerio Público, en la cual se expresa que, alegadamente, al determinar “no causa” en la vista de causa probable para arresto en alzada, el juez Canabal Pérez indicó que “tendría que estirar mucho el delito” para encontrar causa.
La vista en cuestión no fue grabada por ser una determinación de causa para arresto, por lo que esas expresiones surgen de unas notas que tomó uno de los fiscales durante la vista. Aun tomando como cierto lo expresado en el escrito del Ministerio Público, esa escueta frase no implica necesariamente que la determinación del juez se basó en una cuestión de derecho, máxime cuando la resolución firmada por éste dice lo contrario. Por otro lado, darle mayor credibilidad a un argumento de las partes que a una resolución de un juez lo considero errado, particularmente, cuando el resultado implica abrogarse jurisdicción allí donde no la hay.
Es posible imaginar escenarios en los cuales una determinación de no causa sea revisable vía certiorari por basarse en una cuestión de estricto derecho. Por ejemplo, y sin ánimo de ser exhaustivos, una determinación de no causa basada en que el tribunal carece de jurisdicción para atender el delito imputado; un planteamiento de doble ex-posición; un “no causa” porque el imputado ha sido indultado de dicho delito; que al imputado se le ha concedido inmunidad, o que el delito imputado ha prescrito, entre otras, serían razones de estricto derecho, desvinculadas de la prueba presentada para la comisión del delito, que podrían ser revisadas vía certiorari. La determinación que tenemos ante nuestra consideración en esta ocasión —no causa para arresto por el delito de asesinato en primer grado en la modalidad de cooperador— es en los méritos, no un asunto de estricto derecho desvinculado de la prueba y, por lo tanto, no revisable vía certiorari.
*343 El fundamento adicional de la mayoría para asumir jurisdicción, esto es, la responsabilidad de este Tribunal en interpretar y pautar el Derecho en Puerto Rico, es insostenible. Un tribunal sin jurisdicción simplemente no posee autoridad para atender la controversia que se le presenta, aun cuando parezca que ésta merece análisis e intervención de su parte. El interés de expresarnos sobre una controversia novel desde un punto de vista jurídico, no puede ser el soporte que avale actuaciones contrarias a lo que hasta hoy habían sido nuestros precedentes en relación con la revisión de determinaciones de causa para arresto. Contrario a la mayoría, soy del criterio que rehuimos a nuestra responsabilidad como máximo foro judicial del país, no cuando nos negamos a ejercer jurisdicción allí donde no la tenemos, sino cuando damos la espalda a doctrinas firmemente establecidas en el acervo jurídico, creando inestabilidad en el Derecho e incertidumbre en nuestra clase jurídica.
Por lo tanto, revocaría la sentencia del Tribunal de Apelaciones y desestimaría el recurso ante nuestra consideración por carecer este Tribunal de jurisdicción para atenderlo. Esta pudiera ser una determinación “no simpática”, pero no actuamos para ganarnos simpatías, sino para resolver conforme a derecho.
Por no ser éste el curso seguido por la mayoría en este caso, disiento del dictamen emitido.