Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Peticionaria<br><br>v.<br><br>YADIEL RESTO SOSA<br><br>Parte Recurrida | | Certiorari procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.: ASVP202500151<br><br>Sobre:<br>Art. 182 Apropiación Ilegal Agravada |
| --- | --- | --- |
| EL PUEBLO DE PUERTO RICO<br><br>Parte Peticionaria<br><br>V.<br><br>WADIMIR IBAÑEZ QUIÑONES<br><br>Parte Recurrida | TA2025CE00671 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.: ASVP202500138<br><br>Sobre:<br>Art. 182 Apropiación Ilegal Agravada |

Panel integrado por su presidente, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece ante *nos*, El Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico (parte peticionaria) y nos solicita que revisemos las *Resoluciones* emitidas el 11 de septiembre de 2025 y notificadas el 24 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Aguadilla. Mediante dichos dictámenes, el foro primario desestimó las denuncias contra los señores Yadiel Resto Sosa y Wadimir Ibáñez Quiñones (en conjunto parte recurrida) al amparo

de la Regla 64(n)(8) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R.64.

Por los fundamentos que expondremos, expedimos el auto de *certiorari* solicitado y revocamos las *Resoluciones* recurridas.

**I.**

Según surge del expediente, el 20 de agosto de 2024, la parte peticionaria presentó contra la parte recurrida denuncias por alegadas infracciones al Artículo 182 del Código Penal de Puerto Rico, 33 LPRA sec. 5252. Tras la celebración de las correspondientes vistas preliminares, el Tribunal de Primera Instancia hizo una determinación de no causa contra la parte recurrida. Ante ello, la parte peticionaria solicitó una vista preliminar en alzada, la cual fue señalada para el 14 de julio de 2025.

Así las cosas, el 14 de julio de 2025, el TPI consolidó los casos de la parte recurrida. Mientras, la representación legal del señor Yadiel Resto Rosa solicitó que la vista fuera transferida para el mes de septiembre. Por su parte, la representación legal del señor Wadimir Ibáñez Quiñones se allanó a la solicitud de suspensión y la vista quedó señalada para el 10 de septiembre de 2025. Sin embargo, el 10 de septiembre de 2025, **la vista no se celebró por determinación del TPI, a pesar de que la parte peticionaria informó estar preparada para ver la vista**. La vista quedó señalada para el 11 de septiembre de 2025.

Llegado el 11 de septiembre de 2025, la parte peticionaria compareció con dos de los testigos de cargo, sin embargo, explicó que el Agte. Rubén J. Hernández Miranda, quien estuvo presente en sala el día anterior, no se encontraba presente. No obstante, informó que se encontraba preparado para comenzar la vista preliminar en alzada con los testigos presentes. Por su parte, el TPI procedió a desestimar las denuncias que pesaban contra la parte recurrida a tenor con la Regla 64(n)(8) de Procedimiento Criminal, supra.

En desacuerdo, el 18 de septiembre de 2025, la parte peticionaria solicitó la reconsideración de ambas resoluciones, la cual fue denegada por el TPI mediante Resoluciones notificadas el 24 de septiembre de 2025. Inconforme, la parte peticionaria recurrió ante nos mediante recurso de certiorari y alegó la comisión de los siguientes errores:

> Primer Error: El Tribunal de Primera Instancia erró al ignorar el precedente establecido en Pueblo v. Rivera Santiago, 176 DPR 559 (2009), e interferir indebidamente con la potestad del Ministerio Público de procesar a un imputado con la cantidad de prueba y/o testigos que decida ofrecer. Esto, en contravención a los principios fundamentales de la doctrina de separación de poderes.

> Segundo Error: El Tribunal de Primera Instancia erró al actuar en contra de lo dispuesto en la Regla 64(n) de Procedimiento Criminal al: (1) no celebrar una vista evidenciaria ni sopesar los criterios establecidos en la mencionada disposición reglamentaria antes de desestimar las denuncias en cuestión, y (2) no consignar por escrito los fundamentos detrás de su determinación de desestimar las denuncias de los recurridos.

Luego de examinar la Petición de *Certiorari* presentada, el 24 de octubre de 2025, le concedimos un término de diez (10) días a los recurridos para que nos presentasen su posición al recurso, so pena de que el recurso se entendería como perfeccionado sin el beneficio de sus comparecencias. Consecuentemente, el 7 de noviembre de 2025, compareció el señor Wadimir Ibáñez Quiñones mediante un Escrito en Cumplimiento de Orden, no así el señor Yadiel Resto Sosa, por lo que procedemos a atender el recurso sin contar con su posición.

**II.**

**A.** *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase *Torres González v.*

*Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro primario. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado ni ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*.

Ahora bien, el Tribunal Supremo de Puerto Rico ha indicado reiteradamente que la *discreción* significa tener el poder para decidir de una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Entonces, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*; véase *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. *Vista preliminar y Vista preliminar en alzada***

La vista preliminar tiene como propósito establecer un proceso previo a la acusación mediante el cual el Estado, a través del Ministerio Público, se ve obligado a evidenciar que existe causa probable para procesar a un imputado por la comisión de un delito grave. Regla 23 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 23; *Pueblo v. Martínez Hernández*, 208 DPR 872, 832 (2022); *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997). Es decir, debe existir la creencia de que la persona imputada probablemente cometió el delito. Entonces, "[s]u función no es establecer la culpabilidad o

inocencia del acusado, sino determinar si en efecto el Estado tiene adecuada justificación para continuar con un proceso judicial". *Pueblo v. Andaluz Méndez, supra*, pág. 661. Así, el Ministerio Público queda debidamente autorizado para presentar la acusación. *Pueblo v. Figueroa*, 200 DPR 14, 21 (2018).

Por otra parte, cuando no se obtiene una determinación de causa probable, la Regla 24 (c) de las de Procedimiento Criminal, *supra*, establece que se puede recurrir a la celebración de una vista preliminar en alzada. *Pueblo v. Ríos Alonso*, 149 DPR 761, 768-769 (1999). Así, si el Estado no está conforme con la determinación de la vista preliminar, sea porque no se encontró causa por ningún delito por ausencia total de prueba o si se encontró causa por un delito menor al imputado, puede solicitar que otro magistrado de mayor jerarquía examine el asunto *de novo*, presentando la misma prueba que en la audiencia original u otra distinta. *Íd.*

En esa segunda audiencia, el magistrado podría determinar que existe causa probable por el delito imputado o por algún menor incluido en este, o la carencia de causa probable. *Pueblo v. Ríos Alonso, supra*, pág. 768; *Pueblo v. Cruz Justiniano*, 116 DPR 28, 30 (1984). Es imperativo recalcar que, la vista preliminar en alzada no es una revisión de la audiencia original. *Pueblo v. Díaz de León*, 176 DPR 913 (2009). Es decir, es independiente y distinto, por lo cual el Estado puede optar por presentar la misma u otra prueba para obtener una determinación favorable de causa probable por el delito imputado al comienzo de la acción penal. *Pueblo v. Ríos Alonso, supra*, pág. 769.

Por último, es preciso señalar que el término de sesenta (60) días luego de la determinación inicial de falta de causa probable por el delito imputado para celebrar la audiencia en alzada no es inflexible ni rígido. *Pueblo v. Rivera Arroyo*, 120 DPR 114, 120 (1987).

### C. *Juicio rápido y la moción de desestimación*

El derecho a un juicio rápido pretende viabilizar el mandato constitucional que instituye que un acusado será juzgado sin mayores tardanzas. *Pueblo v. Rivera Santiago,* 176 DPR 559, 569 (2009). *Pueblo v. Martínez Hernández,* 208 DPR 872, 832 (2022). Sobre el particular, nuestra Constitución dispone que:

> En todos los procesos criminales, **el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma,** a carearse con los testigos de cargo, a obtener la comparecencia compulsoria de testigos a su favor, a tener asistencia de abogado, y a gozar de la presunción de inocencia. Const. PR, Art. II, Sec. 11, 1 LPRA (Énfasis suplido).

El propósito de la citada sección es preservar el orden público y proteger la libertad individual. *Pueblo v. Custodio Colón,* 192 DPR 567, 580 (2015). Esto presupone que el derecho a un juicio rápido fomenta la disuasión de una detención indebida y prolongada del acusado antes del juicio, lo cual puede lacerar su derecho a defenderse. *Pueblo v. García Vega,* 186 DPR 592, 606 (2012); *Pueblo v. Rivera Santiago, supra,* pág. 570. Asimismo, la rapidez del proceso garantiza que aquellos que delinquen se confronten prontamente con el aparato punitivo del Estado. *Pueblo v. García Vega, supra,* pág. 607. El derecho aludido se activa desde la imputación inicial del delito hasta el comienzo del juicio en su fondo. *Pueblo v. Martínez Hernández, supra,* pág. 882.

Para hacer valer este imperativo constitucional, la Regla 64 de las de Procedimiento Criminal, supra, precisa los contornos estatutarios del derecho a juicio rápido. Específicamente, este precepto legal esboza que:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> [...]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a

juicio se deba a la solicitud del acusado o a su consentimiento:

[...]

(8) **Que se celebró una vista preliminar en alzada luego de 60 días de la determinación de no causa en vista preliminar** [...] causa en vista preliminar. 34 LPRA Ap. II, R. 64 (n) (8) (énfasis suplido).

**Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria**. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:

(1)  Duración de la demora;
(2)  razones para la demora;
(3)  si la demora fue provocada por el acusado o expresamente consentida por éste;
(4)  si el Ministerio Publico demostró la existencia de justa causa para la demora, y
(5)  Los perjuicios que la demora haya podido causar.

Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación. *Íd.* (Énfasis suplido).

El incumplimiento con los términos de juicio rápido conlleva la desestimación de los cargos e implica el final de la acción penal. *Pueblo v. Martínez Hernández, supra,* pág. 883. Empero, la mera inobservancia del plazo, sin más, no origina una infracción automática del derecho a juicio rápido. *Pueblo v. Valdés et al.*, 155 DPR 781, 793 (2001). Dicho de otro modo, estos términos no son fatales y se pueden extender por justa causa, si la demora fue provocada por el imputado o si este último consiente a ello. *Pueblo v. Carrión,* 159 DPR 633, 641 (2003). Esto responde a que el análisis bajo esta regla no responde a una "tiesa aritmética", debido a que el derecho a juicio rápido no es absoluto, a pesar de su carácter esencial. *Pueblo v. Rivera Colón,* 119 DPR 315, 322 (1987); *Pueblo v. García Vega, supra,* pág. 610.

Ahora bien, el octavo inciso de la Regla 64 (n) de las de Procedimiento Criminal, *supra,* pormenoriza que el tribunal no podrá desestimar una denuncia o acusación sin la celebración de

una vista evidenciaria. Así, el magistrado debe auscultar los siguientes criterios al justipreciar la existencia de una infracción al derecho a juicio rápido: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado reclamó o invocó oportunamente ese derecho; (4) el perjuicio resultante de la tardanza; (5) si la demora fue provocada por el acusado, y (6) si el Ministerio Público demostró la existencia de justa causa para la demora. *Íd.*; *Pueblo v. Custodio Colón, supra,* pág. 583; *Pueblo v. García Vega, supra,* pág. 610. Si el acusado o imputado reclama haber sufrido un perjuicio por la dilación, este ni puede ser abstracto ni sustentarse solamente en un cálculo puramente matemático, lo cual entraña la existencia de un daño real y sustancial. *Pueblo v. Custodio Colón, supra,* pág. 583-584; *Pueblo v. Valdés et al., supra,* pág. 792.

Tras la presentación oportuna de un petitorio desestimatorio derivado de este inciso, el Estado tendrá el peso de la prueba para evidenciar la justa causa de la demora, de que el acusado provocó la dilación o que consintió a ella mediante una renuncia informada a su derecho. *Pueblo v. Santa Cruz,* 149 DPR 223, 239 (1999). La razón para la tardanza debe ser razonable. *Pueblo v. Rivera Colón, supra.* pág. 323. Por ello, una dilación ínfima a los términos de juicio rápido no implica la desestimación categórica de la denuncia o acusación porque el magistrado debe considerar los criterios vislumbrados antes de pronunciar su dictamen. *Pueblo v. Valdés et al., supra,* pág. 793.

### III.

En su recurso, el peticionario esencialmente alega que incidió el TPI al desestimar las denuncias que pesaban contra la parte recurrida: (1) a pesar de que informó estar preparado para comenzar la vista, (2) sin celebrar la vista evidenciaria que requiere la Regla 64(n) de Procedimiento Criminal y (3) sin consignar por escrito los fundamentos para la desestimación.

Según discutido anteriormente, luego de una determinación de no causa o de la determinación de causa por un delito menor en la etapa de vista preliminar, el Ministerio Público cuenta con un término de sesenta (60) días para celebrar una vista preliminar en alzada. Ahora bien, ese término no es inflexible, ni es rígido. *Pueblo v. Rivera Arroyo*, supra. Nuestro ordenamiento jurídico dispone que el análisis bajo la Regla 64(n) de Procedimiento Criminal, supra, no responde a una "tiesa aritmética". *Pueblo v. Rivera Colón,* supra, *Pueblo v. García Vega,* supra.

Además, de una lectura de la referida reglamentación, surge que el tribunal no podrá desestimar una denuncia o acusación sin la celebración de una vista evidenciaria donde el tribunal ausculte: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente ese derecho; (4) el perjuicio resultante de la tardanza; (5) si la demora fue provocada por el acusado; y (6) si el Ministerio Público demostró la existencia de justa causa para la demora. De una revisión del expediente del caso de autos, particularmente de la regrabación de la vista del 11 de septiembre de 2025, se desprende que el TPI desestimó las denuncias de autos sin la celebración de dicha vista. Por el contrario, surge que el TPI desestimó las mismas al hacer un mero cómputo matemático del término de sesenta (60) días.

Dicho de otro modo, antes de desestimar, el TPI no auscultó particularmente **las razones para la dilación**, el perjuicio resultante de la tardanza ni la existencia de justa causa para la demora. En consecuencia, procede revocar las Resoluciones recurridas y devolver el caso de autos al TPI para que cumpla con lo establecido en la Regla 64(n) y celebre la vista evidenciaria auscultando los parámetros allí establecidos. En atención a lo anterior, prescindimos de discutir el primer señalamiento de error.

## IV.

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari, revocamos* el dictamen del TPI y *devolvemos* el caso para que se cumpla con lo dispuesto en la Regla 64(n) de Procedimiento Criminal, supra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones