EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Mariana Nogales Molinelli, Rita Molinelli Freytes y Ocean Front Villas Corp.<br><br>Recurridas | Certiorari<br><br>2024 TSPR 39<br><br>213 DPR ___ |

Número del Caso:  CC-2024-0161


Fecha:  22 de abril de 2024


Tribunal de Apelaciones:

     Panel VI


Panel del Fiscal Especial Independiente:

     Lcdo. Ramón Mendoza Rosario
     Fiscal Especial Independiente

     Lcda. Zulma Fuster Troche
     Fiscal Especial Independiente Delegada

     Lcda. Leticia Pabón Ortiz
     Fiscal Especial Independiente Delegada



Materia:  Resolución del Tribunal con Voto Particular Disidente.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Mariana Nogales Molinelli,<br>Rita Molinelli Freytes y<br>Ocean Front Villas Corp.<br><br>Recurridas | CC-2024-0161 | *Certiorari* |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Atendida la *Petición de Certiorari* y la *Moción en auxilio de jurisdicción* presentada por El Pueblo de Puerto Rico, por conducto del Panel sobre el Fiscal Especial Independiente, **se provee ha lugar a ambas.**

En consecuencia, **se decreta la paralización de los procedimientos ante el Tribunal de Primera Instancia, Centro Judicial de San Juan** en los casos criminales *El Pueblo de Puerto Rico v. Mariana Nogales Molinelli y otros*, Crim. núms. K MI2023-121, K MI2023-122, K MI2023-130, K MI2023-131 y K MI2023-132.

Expida el Secretario Mandamiento de *Certiorari* dirigido al Tribunal de Apelaciones, Panel VI, para que a la brevedad posible remita a la Secretaría de este Tribunal los autos originales o una copia en el caso núm. KLCE202400070, *El Pueblo de Puerto Rico v. Mariana Nogales Molinelli, Rita Molinelli Freytes, Ocean Front Villas Corp.*, a que se refiere la petición presentada en este caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emitió un Voto Particular Disidente. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez proveerían no ha lugar a la *Moción en auxilio de jurisdicción* y a la *Petición de Certiorari*.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>        v.<br><br>Hon. Mariana Nogales Molinelli, Rita Molinelli Freytes y Ocean Front Villas Corp.<br><br>    Recurridos | CC-2024-0161 | |

Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 22 de abril de 2024.

Disentimos del curso de acción seguido en el presente caso por una mayoría de mis compañeros y compañera de estrado, lo anterior por entender que el mismo es contrario a la normativa firmemente establecida en el ordenamiento jurídico puertorriqueño en materia probatoria y procesal penal. En consecuencia, hubiésemos provisto **no ha lugar** tanto a la *Moción en auxilio de jurisdicción* como a la *Petición de certiorari* presentadas por el Panel sobre el Fiscal Especial Independiente (en adelante, "PFEI") en la causa de epígrafe.

Y es que, los argumentos que entreteje el PFEI para mover a este Tribunal a paralizar los trámites que en relación al presente caso se celebran ante el foro primario, a nuestro juicio, no son suficientes en derecho para provocar que esta

Curia se adentre a considerar la determinación recurrida. Nos explicamos.

                              I.

En la causa de epígrafe, y en apretada síntesis, el PFEI presentó un total de 51 denuncias contra la Hon. Mariana Nogales Molinelli, miembro de la Cámara de Representantes de Puerto Rico, la Sra. Rita Molinelli Freytes, su madre, y Ocean Front Villas Corp. Ello, por alegadas violaciones a determinados artículos del Código Penal de Puerto Rico, 33 LPRA sec. 5001 *et seq.* y del Código de Rentas Internas, 13 LPRA sec. 30011 *et seq.*

Así las cosas, celebrada la correspondiente vista de causa probable para arresto que mandata la Regla 6 de las de Procedimiento Criminal, *infra*, una jueza del Tribunal de Primera Instancia de San Juan, en este caso la Hon. Iraida B. Rodríguez Castro, encontró causa para arresto por solo dos de los cargos criminales presentados en contra de las denunciadas y "no causa" por los restantes 49 cargos.

Inconforme con el resultado obtenido, el PFEI solicitó una vista de causa probable para arresto en alzada. La misma fue realizada ante un nuevo magistrado, a saber, el Hon. Rafael Taboas Dávila, el cual, nuevamente, determinó causa probable para arresto únicamente por los dos cargos que había determinado causa la jueza anterior. Ello, no en balde a que, tal y como manifiesta el PFEI en su *Petición de certiorari*, dicha oficina alegadamente "presentó una gran cantidad de prueba nueva y adicional a la presentada en la vista de causa

probable para arresto original." *Petición de certiorari*, pág. 3.

Aún insatisfechos con dicha determinación, el PFEI presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Dicho Tribunal, no obstante, -- en un Panel compuesto por las Juezas Ortiz Flores y Rivera Pérez y los Jueces Rivera Torres y Campos Pérez --, emitió una *Resolución* mediante la cual desestimó el recurso presentado. Esto, al correctamente concluir que el dictamen recurrido no era revisable por dicho foro ya que la determinación de "no causa" probable para arresto se basó en consideraciones de prueba y no en cuestiones de estricto derecho que, según la muy bien elaborada jurisprudencia de este Tribunal, permitiesen el ejercicio de la facultad revisora de dicho tribunal.

Ante dicho revés, el PFEI comparece ante nos mediante una *Petición de certiorari* y una *Moción en auxilio de jurisdicción*. **En dichos escritos, la referida entidad reitera los planteamientos esgrimidos en los foros inferiores y pretende que este Tribunal, ignorando sus bien establecidos precedentes, le brinde una nueva oportunidad para intentar probar lo que en dos ocasiones no pudo hacer.** Aun así, una mayoría de mis compañeros y compañera de estrado ha decidido acceder al petitorio del PFEI. Como ya adelantamos, no podemos refrendar dicha postura. Varias son las razones que nos mueven a ello. Nos explicamos.

II.

A.

En primer lugar, como su **primer señalamiento de error**, el PFEI destaca que, en lo relacionado a la causa de epígrafe, el foro primario admitió como prueba de defensa una declaración jurada (*self-serving*) de una de las imputadas, sin que la declarante estuviera disponible para ser contrainterrogada y sin mostrar el documento al Ministerio Público. Sobre el particular, el PFEI se pregunta, -- a nuestro juicio, de forma ingenua y totalmente acomodaticia --, si **"¿[t]iene derecho una parte imputada a someter mediante una declaración jurada prueba a su favor como lo puede hacer el Ministerio Público?"**. (Énfasis en el original). *Petición de certiorari*, pág. 8.

**La respuesta a esa interrogante es clara, sencilla y de fácil corroboración: sí**. El propio texto de la Regla 6 de las de Procedimiento Criminal, 34 LPRA Ap. II, dispone que en la vista de causa probable para arresto "el imputado tendrá derecho a estar asistido por abogado, a contrainterrogar a los testigos en su contra **y a ofrecer prueba en su favor**". (Énfasis suplido). Sobre el particular, en el pasado hemos sentenciado que esos derechos que concede la Regla 6 son garantías que surgen de la Constitución del Estado Libre Asociado de Puerto Rico y que se activan cuando la vista de causa probable para arresto se celebra en presencia del imputado, como sucedió en el caso de autos. *Pueblo v. Rivera Martell*, 173 DPR 601, 610-611 (2008).

Aclarado lo anterior, como parte de su primer señalamiento de error, y mostrando total desconocimiento de la normativa que gobierna los asuntos en materia probatoria y procesal penal, el PFEI también argumenta que la declaración jurada presentada por la defensa de las imputadas era "inadmisible" en evidencia por tratarse de una declaración "*self-serving*". **Al respecto, el PFEI aduce que "en ninguna de las etapas previas al juicio, ni el Ministerio Público ni la parte imputada pueden presentar prueba que es claramente inadmisible en la etapa de juicio".** (Énfasis suplido). *Petición de certiorari*, pág. 9. **Tampoco le asiste la razón.**

**Para llegar a la anterior conclusión, basta con señalar que la Regla 103 (D)(2)(a) de Evidencia, 32 LPRA Ap. VI, expresamente dispone que las Reglas de Evidencia "no obligan en procedimientos relacionados con la determinación de causa probable para arrestar".** (Énfasis suplido). Por tanto, el juez o jueza que preside los procedimientos ante el Tribunal de Primera Instancia tiene amplia discreción para admitir prueba generalmente inadmisible (salvo aquella relacionada con los privilegios probatorios) en la vista de causa probable para arresto. Y, como mencionamos anteriormente, dicha prueba podrá ser presentada tanto por el Ministerio Público como por la defensa del imputado que se encontrase presente en la vista.[1]

---

[1] Sobre el particular valga citar aquí lo expresado por el profesor Ernesto L. Chiesa Aponte sobre la aplicabilidad de las Reglas de Evidencia en las vistas de causa probable para arresto: "Me parece que los jueces ignoran esta regla 103 (D) (2) (a) cuando se sienten obligados a aplicar las reglas de exclusión de evidencia, aunque no se trate de privilegios; **conforme esta regla 103 (D) (2) (a), en la vista de causa probable para arresto se puede admitir prueba de referencia que no sería admisible en el juicio".** (Énfasis suplido). E. Chiesa Aponte, *Compendio de evidencia*

Al parecer, el PFEI se confunde de proceso, pues es en las **vistas de causa probable para acusar (entiéndase, vistas preliminares),** no en las vistas de causa probable para arresto, donde la Regla 103 (F) de Evidencia, 32 LPRA Ap. VI, mandata para que, aun cuando las Reglas de Evidencia no obliguen, la determinación de causa probable sea efectuada con evidencia admisible en el juicio.

Por tanto, estamos convencidos de que, en el presente caso, no se cometió el supuesto error de derecho señalado. Contrario a lo que el PFEI aparenta señalar, la discreción que tiene el juez o jueza del foro primario para permitir la presentación de evidencia a la parte imputada no debe verse como un afán de convertir las etapas preliminares de los procedimientos criminales en mini juicios, sino como lo que son: mecanismos procesales estatutarios que buscan garantizar el debido proceso de ley de las personas encausadas.

B.

De otra parte, en su **segundo y tercer señalamiento de error** el PFEI sostiene que el Tribunal de Primera Instancia erró al presuntamente excluir cierta evidencia sobre omisión de ingresos obtenida de las *Planillas de Contribución sobre Ingresos* de las partes imputadas, por ésta haber sido obtenida en violación a la Artículo II, sección 10, de la Constitución del Estado Libre Asociado de Puerto Rico, según lo solicitó la defensa de las imputadas. De igual forma, el PFEI afirma que el Tribunal de Apelaciones erró al concluir que la

---

*(en el sistema adversarial)*, Ciudad de México, Tirant lo blanch, pág. 748, esc. 125.

determinación de no causa del foro primario, basada, según alegan, en la exclusión de la referida evidencia, no es revisable por el foro apelativo intermedio. De nuevo, no le asiste la razón.

**Es norma firmemente establecida en nuestro ordenamiento jurídico que, de ordinario, una determinación de "no causa" en una vista de causa probable para arresto no es revisable mediante *certiorari*.** *Pueblo v. Díaz de León*, 176 DPR 913, 919 (2009); *Pueblo v. Cruz Justiniano*, 116 DPR 28, 30 (1994). **Como excepción, hemos afirmado que el recurso de *certiorari* sí estará disponible cuando se alegue que la determinación de causa (o no causa) probable esté basada en razones de estricto derecho desvinculadas de la prueba presentada en la vista.** *Pueblo v. Sustache Sustache*, 176 DPR 250, 276-277 (2009).

**Es decir, en palabras sencillas, y de conformidad con la normativa antes expuesta, en aquellos casos en que el Ministerio Público obtiene una determinación desfavorable tanto en la vista de causa probable para arresto, como en la vista en alzada, solo podrá recurrir ante un tribunal de superior jerarquía si lograse demostrar que el fundamento en que basa su reclamo es uno de estricto derecho totalmente desvinculado de la prueba presentada en corte. Ello, a todas luces, no fue lo que aquí ocurrió.**

En la causa de epígrafe, y según se desprende claramente de la propia *Petición de certiorari* presentada por el PFEI, lo que dicho ente busca revisar son asuntos que están irremediablemente intrincados con cuestiones de hechos que

imposibilitan nuestro ejercicio revisor.[2] Tal y como surge del referido documento, y en síntesis, el PFEI, -- en un ejercio de total especulación --, alega que el Tribunal de Primera Instancia erró al emitir una determinación de "no causa" en 49 de los 51 cargos imputados tras haber acogido una solicitud que hiciera la defensa, -- al amparo de la Constitución del Estado Libre Asociado de Puerto Rico --, para que el foro primario excluyera determinada prueba relacionada a las *Planillas de Contribución sobre Ingresos* de las personas imputadas. Lo anterior, por alegar que las mismas habían sido obtenidas de forma contraria a nuestra Carta Magna al no haberse perseguido el proceso que a esos fines pautamos en *Rullán v. Fas Alzamora*, 166 DPR 742 (2006). Sostenemos que la conclusión a la que llega el PFEI es una totalmente especulativa pues, como destacan a lo largo de su escrito, las resoluciones de los jueces de instancia no especificaron los fundamentos que los llevaron a emitir las determinaciones judiciales impugnadas.[3]

---

[2] Basta una somera lectura del escrito presentado por el PFEI para advertir que la inmensa mayoría de sus argumentos están relacionados a la apreciación de la prueba que realizaron los dos togados que presidieron las vistas de causa probable para arresto aquí en controversia.

[3] Según se desprende de su escrito, el PFEI concluye, sin fundamento para ello, que el Tribunal de Primera Instancia acogió la solicitud de los imputados porque "hizo una determinación de no causa en todas las denuncias relacionadas al Código de Rentas Internas y en las que hizo determinación de causa, eliminó las alegaciones sobre ingresos". *Petición de certiorari*, pág. 7. Sobre el hecho de que los jueces de instancia no fundamentaron sus determinaciones de "no causa", -- planteamiento que el PFEI cuestiona en el recurso presentado --, es norma hartamente conocida por aquellos que litigan en las salas penales de este País que dichas determinaciones no se fundamentan por escrito. Basta con llenar el encasillado que lee "no causa". **Por tanto, como bien destacó el Tribunal de Apelaciones en su *Resolución* sobre el presente caso, al sostener que el foro primario acogió la solicitud presentada por la defensa de las imputadas "la parte peticionaria pretende entrar en la mente del juzgador para adivinar cómo este tomó su determinación".** (Énfasis suplido). KLCE202400070, pág. 14.

Ahora bien, lo que en el presente caso no es una especulación, pues así bien lo señaló el foro primario, es que la *Solicitud al amparo de la sección 10 del Artículo II de la Constitución de Puerto Rico y del debido proceso de ley* presentada por la defensa de las imputadas en la causa de epígrafe no constituyó una moción de supresión de evidencia como alega el PFEI.[4] Ello debido a que, como es sabido, dichas mociones no son permitidas en esa etapa de los procedimientos.

**En todo caso, la determinación de no causa que emitió el Tribunal de Primera Instancia se fundamentó en la prueba desfilada en corte. Si, en virtud de ello, el foro primario concluyó que las *Planillas de Contribución sobre Ingresos* en cuestión fueron obtenidas ilegalmente y en violación a la protección constitucional contra registros y allanamientos irrazonables por parte del Estado, se trata de una determinación basada en cuestiones de hechos y de derecho que no podemos revisar.**

Al respecto, conviene recordar aquí lo sentenciado por esta Curia en *Pueblo en interés del menor K.J.S.R.*, 172 DPR 490 (2007), un caso que presentaba una controversia en extremo similar a la que hoy nos ocupa. Allí, un menor de edad fue imputado de violaciones a la *Ley de Explosivos de Puerto Rico*, 25 LPRA sec. 587. Celebrada la vista de causa probable para presentar querella, el foro primario emitió una determinación de "no causa". Posteriormente, durante la vista de causa probable en alzada, los abogados del menor imputado levantaron

---

[4] Véase *Petición de certiorari*, pág. 7.

como defensa el que la prueba presentada por el Estado había sido obtenida ilegalmente y que, por lo tanto, era inadmisible. Así las cosas, el Tribunal de Primera Instancia emitió una nueva determinación de "no causa probable" para presentar querella contra el menor.

Ante esta situación, el Estado, luego de obtener un resultado desfavorable en el Tribunal de Apelaciones, acudió ante nosotros buscando la revisión de la determinación de "no causa". Entonces, resolvimos que la **"determinación de si un registro es irrazonable o no**, **si bien es una cuestión de derecho**, *ciertamente depende de la apreciación que de la prueba presentada haga el magistrado que presida la vista"*. (Énfasis suplido). (Itálicas en el original). *Pueblo en interés del menor K.J.S.R.*, *supra*, pág. 502. En ese sentido, manifestamos que la situación en ese caso, -- y somos del criterio que igual ocurre en el presente caso --, se trataba de una situación mixta de hecho y de derecho que, como correctamente resolvió el Tribunal de Apelaciones, no era revisable por un tribunal apelativo.

## III.

No se cometieron, pues, los errores de derecho señalados por el PFEI que pudiesen movernos a revisar la determinación de "no causa" emitida por el Tribunal de Primera de Instancia tras la celebración de una vista de Regla 6 en alzada. En consecuencia, entendemos que el Estado agotó todos los remedios que tenía disponible para prevalecer en el proceso penal por los 49 cargos aquí en controversia y que, en

cumplimiento con nuestros firmes precedentes, no tenemos jurisdicción para expedir el recurso. **Los jueces y juezas que, en el foro primario, presidieron los asuntos relacionados a la causa de epígrafe hicieron bien su trabajo. Así también lo hicieron los jueces y juezas del Tribunal de Apelaciones que intervinieron en la misma.**

**La invitación que nos realiza el PFEI para que, desde este estrado apelativo de última instancia, se cree derecho a su medida, que le permita intentar probar, nuevamente, lo que ya, -- según lo sentenciaron los foros *a quo* en más de una ocasión --, resultó ser improbable, es rechazada por el juez que suscribe. Esto es un Tribunal General de Justicia, no una sastrería.**

Angel Colón Pérez
Juez Asociado