EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Mariana Nogales Molinelli, Rita Molinelli Freytes y Ocean Front Villas Corp.<br><br>Recurridas | Certiorari<br><br>2024 TSPR 139<br><br>215 DPR ___ |

Número del Caso: CC-2024-0161

Fecha: 26 de diciembre de 2024

Tribunal de Apelaciones:

    Panel VI

Panel del Fiscal Especial Independiente:

    Lcdo. Ramón Mendoza Rosario
    Fiscal Especial Independiente

    Lcda. Zulma Fuster Troche
    Fiscal Especial Independiente Delegada

    Lcda. Leticia Pabón Ortiz
    Fiscal Especial Independiente Delegada

Representantes legales de la parte recurrida:

    Lcdo. José A. Andréu Fuentes
    Lcdo. Ricardo M. Prieto García
    Lcdo. Frank Torres-Viada

Materia: Sentencia con Opiniones de Conformidad.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Mariana Nogales Molinelli,<br>Rita Molinelli Freytes,<br>Ocean Front Villas Corp.<br><br>Recurridas | CC-2024-0161 | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

En esta ocasión, el Estado comparece ante nos y solicita la revocación de ciertas determinaciones que hizo el Tribunal de Primera Instancia en la etapa de causa probable para arresto. Particularmente, peticiona que hagamos "una determinación conforme a la prueba presentada" en aquellos cargos en los que no se encontró causa probable.

Por los fundamentos que habremos de esbozar a continuación, adelantamos, que no le asiste la razón al Panel sobre el Fiscal Especial Independiente (PFEI). Veamos.

**I.**

Por hechos presuntamente ocurridos entre los años 2018 y 2022, el Pueblo de Puerto Rico, representado en esta ocasión por el PFEI, presentó el pasado 3 de mayo de 2023 sobre cincuenta denuncias criminales contra la

Lcda. Mariana Nogales Molinelli, miembro de la Cámara de Representantes de Puerto Rico, la Sra. Rita Molinelli Freytes y Ocean Front Villas Corp. (en conjunto, recurridas).

En esencia, los cargos fueron radicados al amparo de los Artículos 212, 217, y 269 del Código Penal de 2012,[1] así como también, por varios incisos de la Sección 6030.16 del Código de Rentas Internas de Puerto Rico.[2]

Luego de celebrar la vista de causa probable para arresto, el Tribunal de Primera Instancia determinó que existía causa probable, únicamente, contra la representante Nogales Molinelli por violación a los Artículos 212 y 269 del Código Penal, *supra*, sobre falsedad ideológica y perjurio. El foro primario enmendó las denuncias por las cuales determinó causa, y eliminó toda alegación referente a ingresos o beneficios que la representante Nogales Molinelli no presentó ante la Oficina de Ética Gubernamental.

Inconforme, el PFEI solicitó que se celebrara una vista de causa probable para arresto en alzada, la cual se ventiló el 18 de octubre de 2023. En ésta, el Ministerio Público presentó declaraciones juradas, prueba pericial y prueba documental adicional a la presentada en la vista inicial. Entre los múltiples documentos que el Ministerio Público presentó como prueba, se encuentran las *Planillas*

---

[1] 33 LPRA secs. 5282, 5287 y 5362 respectivamente.
[2] 13 LPRA sec. 33086.

*Contributivas Certificadas por el Departamento de Hacienda* correspondiente a los años 2017 al 2021, pertenecientes y radicadas por las recurridas.

Por su parte, la defensa presentó, como prueba a su favor, una declaración jurada realizada por la señora Molinelli Freytes, —*una de las imputadas del caso*— y la cual contenía múltiples documentos anejados. Asimismo, utilizó prueba pericial.

Ahora bien, es preciso señalar que de la *Minuta* del 18 de octubre de 2023 —*fecha en que inició la Regla 6 en alzada*— surge que, en corte abierta, se discutieron dos asuntos medulares a las controversias que tenemos ante nuestra consideración.

Esto es, que el PFEI se opuso a que la defensa presentara una declaración jurada de una de las imputadas, pues la consideraba como "self-serving", lo cual estaba prohibido.

Además, surgió una pugna en cuanto a una moción que presentó la defensa intitulada *Solicitud al Amparo de la Sección 10 del Artículo II de la Constitución de Puerto Rico y del Debido Proceso de Ley*. En síntesis, la defensa **le suplicó al foro primario que al ponderar si existía o no causa probable para arresto, tuviera en consideración que la utilización de las planillas contributivas de las recurridas era "<u>constitucionalmente inadmisible</u>"** en

cualquier etapa del proceso criminal contra las recurridas.

El PFEI se opuso a la moción señalada por entender que se trataba de una solicitud de supresión de evidencia al amparo de la Regla 234 de las de Procedimiento Criminal,[3] lo que argumentó era totalmente improcedente en la etapa de Regla 6 en alzada.

El foro primario despachó el asunto y concluyó que **"analizar[ía] todos los documentos entregados en corte abierta tanto de la defensa como del Ministerio Público"**.[4]

Posteriormente, el PFEI presentó su oposición por escrito a la moción que presentó la defensa sobre la inadmisibilidad de las planillas contributivas.

El 15 de noviembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* en la que dispuso lo siguiente:

> **"Nada que proveer. Este Tribunal no tiene ante sí una moción de supresión de evidencia. Ese mecanismo dispuesto en la Regla 234 de Procedimiento Criminal no está disponible para una vista de alzada de Regla 6"**.[5]

El proceso continuó su curso y el 21 de diciembre de 2023, luego de quedar sometido el caso, el Juez que presidió la alzada, emitió una determinación similar a la de la vista inicial. Es decir, no encontró causa probable para arresto contra la representante Nogales Molinelli,

---

[3] 34 LPRA Ap. II, R. 234.
[4] Apéndice de la Petición de Certiorari, Anejo 5, pág. 128.
[5] Apéndice de la Petición de Certiorari, Anejo 9, pág. 217.

excepto por los cargos por violación a los Artículos 212 y 269 del Código Penal, *supra*.

Inconforme, el PFEI recurrió ante el Tribunal de Apelaciones. El foro intermedio desestimó el recurso pues entendió que el dictamen recurrido no era revisable, pues no se fundaba en cuestiones de estricto derecho.

Insatisfecho aun, el PFEI presentó ante este Tribunal un recurso de *Certiorari* en el que imputó los errores siguientes:

A. Erró el Tribunal de Primera Instancia al admitir como prueba de defensa una declaración jurada (self-serving) de la imputada Rita Molinelli Freytes con documentos anejados a la misma, sin que ella estuviera disponible para ser contrainterrogada y sin mostrar el documento al ministerio público.

B. Erró el Tribunal de Primera Instancia al excluir la evidencia sobre omisión de ingresos obtenida por los funcionarios del Departamento de Hacienda, sobre las bases de que la misma fue obtenida ilegalmente.

C. Erró el Tribunal de Apelaciones al no revocar al tribunal de primera instancia amparado en los siguientes fundamentos: a) la determinación del TPI no es revisable en este caso; b) la declaración jurada de una de las imputadas es admisible en la vista de causa probable para arresto; c) el TPI no suprimió la prueba de carácter contributivo.

Así las cosas, y luego de atender una *Moción en auxilio de jurisdicción* que presentó el PFEI, emitimos una *Resolución* el 22 de abril de 2024 en la que decretamos la paralización de los procesos y expedimos el recurso de *certiorari*.

De esta forma, contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. Causa probable para arresto**

Resulta ampliamente conocido que la acción penal comienza con la determinación de causa probable para arresto. Esta etapa inicial, aunque sencilla, goza de carácter constitucional, pues el Art. II, Sec. 10 de nuestra Constitución, dispone que para expedir una orden de arresto es necesaria una determinación de causa probable emitida por una autoridad judicial.[6]

Es desde el momento en que se emite dicha determinación que el tribunal adquiere jurisdicción sobre la persona del imputado y se considera que éste queda sujeto a responder por la comisión del delito.[7]

Los pormenores de esta etapa se encuentran codificados en la Regla 6 de Procedimiento Criminal.[8] En lo pertinente, dispone:

> (a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad.
>
> .   .   .   .   .   .   .   .
>
> En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a

---

[6] Const. de Puerto Rico, LPRA, Tomo 1, ed. 1982, pág. 299.
[7] *Pueblo v. River Martell*, 173 DPR 601, 608 (2008).
[8] 34 LPRA Ap. II.

contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor.[9]

Como se puede apreciar, por imperativo constitucional, se requiere que medie la figura de un juez y que la determinación esté apoyada en juramento o afirmación. Asimismo, es necesaria cierta especificidad en cuanto a la orden de arresto.

El Juez puede determinar causa para el arresto basado en un examen de la denuncia, de las declaraciones juradas que se unan a ella o a base del examen bajo juramento de un testigo con conocimiento personal de los hechos.[10] **La determinación también se puede fundamentar en declaraciones hechas por información o creencia, siempre que tengan suficientes garantías de confiabilidad**. Claro está, lo importante es que la información provista sea suficiente para que el magistrado encuentre causa probable para creer que se ha cometido un delito y que el imputado lo cometió.[11]

Por otro lado, la regla reconoce varios derechos dirigidos, específicamente, a la figura del imputado.

En ese sentido, se reconoce el derecho que tiene un imputado a estar asistido de un abogado, a contrainterrogar a los testigos de cargo y a ofrecer prueba a su favor. Claro está, tales derechos no son absolutos y se

---

[9] Íd.
[10] 34 LPRA Ap. II.
[11] *Pueblo v. River Martell*, supra, pág. 609; *Pueblo v. Jiménez Cruz*, 145 DPR 803, 809 (1998).

activan, únicamente, si la determinación de causa para el arresto se hace en presencia del imputado.[12]

Dada la naturaleza informal y flexible de la vista de determinación de causa para el arresto, hemos expresado que —aun cuando el imputado esté presente— no tiene un derecho irrestricto a contrainterrogar testigos de cargo.[13] Más bien, ello depende de que el Fiscal haya sentado a algún testigo para declarar en la vista.

**B. Reglas de Evidencia**

Por otro lado, debemos recalcar que, durante las etapas preliminares al juicio, no existe obligación alguna que ate a los magistrados a aplicar nuestras reglas probatorias en dichos procesos. En lo pertinente, el inciso (D) de la Regla 103 de Evidencia dispone lo siguiente:

(D) Las Reglas **no obligan** en:

(1) las determinaciones preliminares a la admisibilidad de prueba, de conformidad con la Regla 109(A);

(2) los procedimientos interlocutorios o post sentencia, entre otros:

**(a) procedimientos relacionados con la determinación de causa probable para arrestar o expedir orden de registro y allanamiento**;

(b) fase de la sentencia en el procedimiento penal;

(c) procedimientos relacionados con la imposición de fianza o condiciones en los procedimientos penales;

(d) vistas de revocación de libertad a prueba o condicionada;

(e) procedimientos relacionados con entredichos provisionales e interdictos preliminares, y

---

[12] *Pueblo v. River Martell*, supra, pág. 610.
[13] Íd; *Pueblo v. Irizarry*, 160 DPR 544 (2003).

(3) los procedimientos ex parte.[14] (Énfasis nuestro)

Lo anterior responde a que, en estas etapas, el juzgador no dispone del caso, es decir, son procedimientos en los que no se adjudica la culpabilidad de la persona imputada. Más bien, dada la realidad de que lo que se realiza es un examen basado en probabilidades, no es deseable que las Reglas de Evidencia apliquen con todo rigor en estas etapas.[15]

Asimismo, el inciso (F) de la Regla 103 de Evidencia, *supra*, dispone el mismo lenguaje concerniente a la no obligatoriedad de las Reglas de Evidencia en la vista preliminar, pero añade la salvedad de que toda la prueba que allí se presente, deberá ser una legalmente admisible en el juicio. En específico, la regla reza como sigue:

> (f) Procedimientos de determinación de causa para acusar (vista preliminar).
>
> En la vista de determinación de causa para acusar (vista preliminar), aunque las Reglas de Evidencia no obligan, la determinación de causa deberá efectuarse con evidencia admisible en el juicio.

Como se puede apreciar, la esencia y el propósito de esta Regla 103 de Evidencia —*con particularidad a los incisos antes mencionados*— es dejar meridianamente establecido que las reglas de evidencia no obligan en los procedimientos preliminares con el mismo rigor que aplican

---

[14] 32 LPRA Ap VI.

[15] Véanse, R. Emanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed, San Juan, Ediciones SITUM, Inc., 2015, pág. 55; *Pueblo v. Rivera Cuevas*, 181 DPR 699, 707 (2011); *Pueblo v. Andalúz Mendez*, 143 DPR 656, 662 (1997).

en un juicio plenario.[16] No obstante, todo aquello relacionado a privilegios y conocimiento judicial aplica en todas las etapas de los procedimientos penales.[17]

Ahora bien, la diferencia entre la vista de causa probable para arresto y la vista preliminar estriba en que, en esta última, la determinación tiene que estar acuñada en evidencia legalmente admisible en el juicio, mientras, que en la vista de Regla 6, la determinación de causa no tiene que estar basada en evidencia admisible.[18]

Ello es así, pues, para la determinación de causa probable para arresto se requiere menos evidencia que la exigida para alcanzar un fallo de culpabilidad. Lo anterior no solo aplica cuantitativamente, sino que, en términos cualitativos, la prueba en esta etapa es sustancialmente menor. De ahí que la determinación de causa probable puede estar fundada en todo o en parte, en prueba de referencia confiable, aunque se trate de prueba de referencia inadmisible en el juicio.[19]

Lo importante es que ese tipo de prueba, tenga indicios de confiabilidad que justifiquen el juicio de probabilidad, para lo cual, habrá de emplearse el criterio de la totalidad de las circunstancias.[20]

---

[16] E.L. Chiesa, Reglas de Evidencia de Puerto Rico 2009, San Juan, Pubs. J.T.S., 2009, pág. 81.
[17] 32 LPRA Ap VI. R. 103 (C).
[18] E.L Chiesa, *Procedimiento Criminal y la Constitución: Etapa Investigativa*, Ediciones SITUM (2017).
[19] Véase, E.L Chiesa, *Procedimiento Criminal y la Constitución: Etapa Investigativa*, op. cit., págs. 307-314, 341-344.
[20] Íd. Véase, además, *Pueblo v. Ortiz Alvarado*, 135 DPR 41 (1994); *Illinois v. Gates*, 462 U.S. 213 (1983).

**C. Estándar de revisión**

En términos generales, las decisiones emitidas por el Tribunal de Primera Instancia se clasifican en las tres (3) formas siguientes: (i) controversias de derecho, (ii) controversias de hechos y (iii) decisiones sobre asuntos discrecionales. Para cada una de estas aplica un estándar de revisión distinto.

Teóricamente, los estándares de revisión constituyen la referencia aplicable en los foros apelativos al momento de revisar decisiones de los tribunales inferiores.

En lo atinente a la controversia de autos, las controversias o cuestiones de derecho, son determinaciones concernientes a las normas y principios de aplicación general a personas con similares cualidades en iguales circunstancias. Los magistrados arriban a estas determinaciones, naturalmente, luego de una ponderada y rigurosa interpretación de las fuentes de derecho.

En este tipo de asuntos, los tribunales vienen obligados a resolver la controversia basado en la aplicación correcta del derecho a unos hechos concretos.

Relacionado con lo anterior, constantemente hemos reiterado que las determinaciones de no causa para arresto o para acusar, tras un procedimiento en alzada, generalmente, son finales y no permiten revisión por parte

de un foro de mayor jerarquía.[21] La razón para ello estriba en que, en dicha etapa, todavía no existen hechos probados en un juicio, por lo que la intervención de un tribunal apelativo afectaría el proceso llevado a cabo en el foro de instancia.[22]

Sin embargo, cuando se trate de la revisión de una cuestión estrictamente de derecho, ésta se torna revisable mediante el recurso discrecional de *certiorari*.[23] Sobre este particular, hemos señalado que "a través de dicho mecanismo se puede solicitar la revisión de errores de derecho, tanto procesales como sustantivos, que se aleguen que hayan sido cometidos en la vista de causa probable para arresto, en la vista preliminar inicial y en la vista preliminar en alzada".[24]

## III.

En esencia, los argumentos del PFEI se reducen a lo siguiente: (1) que el tribunal primario erró al admitir en Regla 6 una declaración jurada de la propia acusada como prueba de defensa y, (2) que el foro de instancia erró al suprimir cierta prueba de carácter contributivo. El tercer error comprende, en esencia, los argumentos esgrimidos en los primeros dos, por ello, limitamos nuestra discusión a los aquí mencionados.

---

[21] Véase, *Pueblo en Interés Menor K.J.S.R.*, 172 DPR 490 (2007); *Pueblo v. Ríos Alonso*, 149 DPR 761 (1999); *Pueblo v. Rodríguez Ríos*, 136 DPR 685 (1994); *Pueblo v. Cruz Justiniano*, 116 DPR 28 (1984).
[22] Íd.
[23] Íd.
[24] *Pueblo en Interés Menor K.J.S.R.*, supra; *Pueblo v. Aponte Nolasco*, 167 DPR 578 (2006); *Pueblo v. Colón Mendoza*, 149 DPR 630 (1999).

**A. Admisibilidad de la declaración jurada de una de las imputadas**

En síntesis, el PFEI sostiene que fue un error de derecho admitir como prueba de defensa una declaración jurada y sus anejos en la etapa de Regla 6 toda vez que, a su juicio, ello constituyó prueba de referencia y no se pudo contrainterrogar. Asimismo, arguye que la vista de causa probable para arresto "*no ofrece espacio para que un juez admita prueba claramente inadmisible*".[25] **No tiene razón**.

En primer lugar, ningún magistrado viene obligado a aplicar nuestras reglas probatorias con toda su fuerza y vigor en las etapas preliminares al juicio. Si bien el procedimiento de vista preliminar requiere que la prueba allí presentada sea una legalmente admisible en un juicio, no es menos cierto que en **la vista de Regla 6 no se exige tal rigurosidad**. Esta diferencia, aunque sutil, distingue un proceso de otro.

En ese sentido, la determinación que haga un juez en Regla 6 <u>puede estar basada en evidencia que no sea admisible en un juicio</u> plenario. Es decir, la naturaleza informal y flexible de la Regla 6 permite que se presente prueba de referencia **siempre y cuando ésta provea suficientes garantías circunstanciales de confiabilidad**.[26]

---

[25] Petición de certiorari, pág. 32.
[26] Véase, E.L Chiesa, *Procedimiento Criminal y la Constitución: Etapa Investigativa, op. Cit.*, pág. 344. ("***En cuanto a la evidencia utilizada como base para la determinación de causa probable ésta no tiene que ser evidencia admisible en el juicio***".)

Recordemos que la tarea del magistrado que preside dicha etapa se limita, exclusivamente, a examinar la totalidad de las circunstancias utilizando su sentido común y las "consideraciones prácticas de la vida diaria", para decidir, haciendo un juicio de probabilidades, si es razonable que la ofensa imputada fue cometida.

Aunando a lo anterior, si se le permite al Ministerio Público presentar prueba eventualmente inadmisible, pero que contenga suficientes garantías de confiabilidad, se le debe permitir a la defensa hacer lo propio en dicha etapa. Una cosa no excluye la otra. A tal efecto, podía el juez del foro primario aceptar la presentación de esos documentos por parte de la defensa.

Del expediente surge que la declaración jurada y sus anejos sirvieron de base para el testimonio del perito de la defensa. Asimismo, dichos documentos fueron utilizados por el PFEI para contrainterrogar al testigo experto de la defensa y para inquirirle al propio perito del Estado sobre su contenido y sus implicaciones, de acuerdo con su teoría. Siendo las cosas así, no puede ahora el PFEI argüir que se le coartó algún derecho cuando tuvo oportunidad plena para revisar los documentos y elaborar cuestionamientos sobre ellos, incluso, a su propio perito.

**B. Presunta supresión de prueba contributiva**

La segunda contención del PFEI estriba en que el Tribunal de Primera Instancia suprimió, particularmente, varias *Planillas de Contribución sobre Ingresos*, como

resultado de una petición de la defensa a esos fines. En síntesis, arguyó que era forzoso concluir que de la única manera que se justificaba la determinación de no causa para arresto era porque se habían suprimido las planillas. **Tampoco le asiste la razón**.

En primer orden, cuando las recurridas presentaron la *Solicitud al Amparo de la Sección 10 del Artículo II de la Constitución de Puerto Rico y del Debido Proceso de Ley* y luego de que el PFEI se opusiera a ésta, el Juez del foro de instancia concluyó que "**analizar[ía] todos los documentos entregados en corte abierta tanto de la defensa como del Ministerio Público**".[27] Lo anterior bastaría para entender que el tribunal primario evaluó toda la prueba que se le presentó.

No obstante, en un momento posterior, el PFEI volvió a oponerse y el magistrado hizo constar que tenía "*[n]ada que proveer. Este Tribunal no tiene ante sí una moción de supresión de evidencia. Ese mecanismo dispuesto en la Regla 234 de Procedimiento Criminal no está disponible para una vista de alzada de Regla 6*".[28]

Las manifestaciones del Juez que presidió la vista en alzada **son claras en establecer que ponderó toda la prueba que se le presentó**. De hecho, por si lo anterior no fuera suficiente, tomamos conocimiento de lo expresado por el Juez momentos antes de emitir su determinación. Luego de

---

[27] Apéndice de la Petición de Certiorari, Anejo 5, pág. 128.
[28] Apéndice de la Petición de Certiorari, Anejo 9, pág. 217.

felicitar a los letrados que litigaron a lo largo de la tan extensa y prolongada vista de Regla 6, expresó lo siguiente:

> **"*Este juez ha analizado toda la prueba que se presentó por ambas partes*** *y, pues de las cosas positivas que puede decirse del tiempo que ha tardado, es que, pues **me ha dado tiempo, obviamente, de examinar toda esta prueba de ambas partes** y hemos estado atentos a los testimonios vertidos en sala durante las vistas de este caso. […]*
>
> *Así que, con esos, verdad, esos elementos, solo resta el dictamen de este juez, no sin antes puntualizar, como en todas mis determinaciones judiciales, que **este dictamen responde al derecho anclado en la prueba, el Derecho, y tan importante o más quizás, a mi conciencia**. Ello sin antes ignorar el drama, como dije, y las pasiones y complejidad que este tipo de casos genera. Y sin olvidar tampoco la disciplina que hay que tener jurídicamente hablando, **consciente de la etapa en que se encuentra este caso**.*[29]

Como se puede apreciar, resulta claro que el adjudicador evaluó todo lo que tuvo ante sí antes de emitir su decisión. La pretensión del PFEI respecto a que la determinación de no causa supone obligatoriamente que se suprimió la prueba contributiva, es una conclusión que no refleja las constancias tangibles del expediente.

Por estos motivos, si bien el asunto medular de este recurso se reduce a determinar si el foro primario aplicó correctamente el derecho, no encontramos aquí indicio alguno que, al resolver, el juzgador primario haya procedido en abstracción de la normativa que gobierna esta etapa de los procedimientos. Resolver lo contrario

---

[29] Regrabación de la vista celebrada el 21 de diciembre de 2023.

insertaría una complejidad que no es propia de la vista de causa probable para arresto.

## IV.

Por los fundamentos que anteceden, se confirma la determinación emitida por el Tribunal de Primera Instancia y refrendada por el Tribunal de Apelaciones, respecto a la decisión de no causa probable para arresto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García emitió una Opinión de Conformidad. El Juez Asociado señor Estrella Martínez emitió la expresión de conformidad siguiente, a la cual se une la Jueza Presidenta Oronoz Rodríguez:

> "Al momento de expedirse este recurso el 22 abril de 2024, advertí e hice constar que lo procedente en derecho era denegarlo por ser correcto el dictamen emitido por los compañeros Jueces Ortiz Flores, Rivera Torres, Rivera Pérez y Campos Pérez del Tribunal de Apelaciones. La Sentencia que se certifica en el día de hoy arriba a esa conclusión, pero por un camino mucho más largo que innecesariamente ha tomado más de 8 meses de incertidumbre. Puntualizando este distanciamiento en el curso de acción previamente tomado por este Tribunal, procedo a votar conforme para cerrar esta controversia."

El Juez Asociado señor Colón Pérez emitió una Opinión de Conformidad a la que se une la Jueza Presidenta Oronoz Rodríguez.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Mariana Nogales Molinelli, Rita Molinelli Freytes, Ocean Front Villas Corp.<br><br>Recurridas | CC-2024-0161 | *Certiorari* |

**Opinión de Conformidad emitida por el Juez Asociado señor Rivera García**

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

Me encuentro conteste con el resultado al que arriba este Tribunal en el caso de epígrafe y mediante el cual se confirman las determinaciones que, en su día, emitieron los foros inferiores.

Luego de examinar con extremo detenimiento las posturas y los argumentos de ambas partes, estoy convencido de que el juzgador primario que atendió el procedimiento en controversia no se apartó de la normativa jurídica que rige este tipo de asuntos. Es decir, que no suprimió prueba alguna en la etapa de causa probable para arresto y que la naturaleza informal y flexible de la "*Vista de regla 6*" permite que la determinación que haga un juez en esa etapa, puede estar basada en prueba de referencia, siempre y cuando ésta provea suficientes garantías circunstanciales de confiabilidad.

Si bien la parte peticionaria presentó varios argumentos que le merecieron una atención sosegada, serena y cautelosa, éstos no fueron suficientes como para mover a este Tribunal a revocar las determinaciones impugnadas.

Ahora bien, a pesar de las **especulaciones infundadas** que algunos miembros de este Tribunal insinuaron respecto al curso decisorio que habría de tomar en su momento una mayoría de este Tribunal, es de notar que la *Sentencia* que hoy emitimos cuenta con el **aval unánime** de los miembros de este Foro.

Después de todo, parece ser que la "sastrería" jurídica a la que hiciera referencia el compañero Juez Asociado señor Colón Pérez en el pasado,[30] se quedó sin modista y sin costurero. No podía ser de otra manera.

Hoy, los mismos jueces que decidimos paralizar los procedimientos del caso **para poder estudiar con detenimiento y *de manera responsable* ciertos planteamientos de derecho**, confirmamos las determinaciones tomadas por los tribunales inferiores.

Lo anterior, contrasta marcadamente con lo que sugiriera el compañero Juez Asociado el pasado 22 de abril de 2024 respecto a que una mayoría irreflexivamente accedería a lo peticionado por el Panel sobre el Fiscal Especial Independiente.

A título personal, quisiera resaltar ciertas cualidades que, imperiosamente, debemos tener todos los

---

[30] Véase, *Voto particular disidente* del Juez Asociado señor Colón Pérez en *Pueblo v. Nogales Molinelli*, 213 DPR 842 (2024).

jueces que atendemos asuntos en revisión: no adelantar criterios y respetar las etapas del trámite apelativo. La inobservancia de estas características pudiera catalogarse como una imprudencia judicial.

Por último, resulta innecesario particularizar sobre cuánto tiempo le tomó a esta Curia resolver el caso, pues, la resolución de las controversias jurídicas, al menos por mi parte, no se puede despachar a la ligera. Máxime, cuando teníamos planteamientos sustanciales de ambas partes como, por ejemplo, lo atinente a la declaración jurada y a una presunta solicitud de supresión de evidencia (solicitud que, aunque no llevaba ese título, pretendía tener todos los efectos de una supresión). Repito, este tipo de controversias no pueden ser atendidas con prisa.

Las expresiones que hoy hace el compañero Juez Asociado señor Estrella Martínez, referente a que llevamos ocho (8) meses de incertidumbre, en nada ayuda a esta distinguida Institución, pues, **de poco sirve el acceso a la justicia si luego arrojamos sospechas sobre la efectividad de los foros que propician esa apertura. No podemos hacernos eco de actuaciones injustificadas que siembran la semilla de la desconfianza en nuestras instituciones públicas**.

Como nota de despedida, insto a mis hermanos de estrado a evitar la hipérbole que **solo sirve de comidilla para la discusión en las gradas y en los foros que albergan a ciertos agentes del pseudoperiodismo**.

Aclarado estos asuntos, reitero mi voto de conformidad con la *Sentencia* confirmatoria que hoy emite este Tribunal.


                              Edgardo Rivera García
                                 Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.

Hon. Mariana Nogales Molinelli, Rita Molinelli Freytes y Ocean Front Villas Corp.

    Recurridos

CC-2024-0161

Opinión de conformidad emitida por el Juez Asociado señor COLÓN PÉREZ a la cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

Estamos conforme con la determinación que hoy, luego de largos meses de incertidumbre, al fin toma una mayoría de este Tribunal en el presente caso. En vista del resultado llegado, aprovechamos la ocasión para insistir en los argumentos y fundamentos que expusimos en nuestro *Voto Particular Disidente* el pasado mes de abril. Véase, *Pueblo v. Mariana Nogales Molinelli y otros.*, 2024 TSPR 39 (Colón Pérez, Voto Particular Disidente). Fundamentos que son tomados por esta Curia, **casi al pie de la letra**, en la *Sentencia* que aquí se certifica.

Como señalamos entonces, y reiteramos hoy, no existían motivos en derecho que justificaran la expedición del recurso de *certiorari* presentado en la causa de epígrafe por el Panel

sobre el Fiscal Especial Independiente, ni para variar la determinación, -- muy bien fundamentada --, realizada en este caso por el Tribunal de Apelaciones.[31] Foro que, en esencia, y **amparado en jurisprudencia previa de este Tribunal**, resolvió que por tener ante sí una determinación de "no causa probable para arresto", basada en consideraciones de prueba y de hechos, no contaba con autoridad para pasar juicio sobre lo previamente sentenciado por el Tribunal de Primera Instancia.

El Panel sobre el Fiscal Independiente nos solicitaba que echáramos a un lado décadas de jurisprudencia firmemente establecida en nuestro ordenamiento jurídico. Afortunadamente, mis compañeras y compañeros de estrado no accedieron a tal pedido.

**El mensaje enviado es claro. A este foro apelativo de última instancia no se puede venir a buscar remedios hechos a la medida de una de las partes. Esto es un Tribunal General de Justicia.**

Angel Colón Pérez
Juez Asociado

---

[31] Panel compuesto por los Jueces de Apelaciones Ortiz Flores, Rivera Torres, Rivera Pérez y Campos Pérez.